IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

OSASU OSAZE,

                Plaintiff,

v.

MERCY HOSPITAL SPRINGFIELD and
MERCY HEALTH,

                Defendants.

Case No. 6:25-cv-3077

COMPLAINT

COMES NOW Plaintiff Osasu Osaze, by and through undersigned counsel, and for his complaint against Defendants Mercy Hospital Springfield and Mercy Health states and alleges as follows:

1.     Mr. Osaze was employed by Mercy Hospital Springfield and Mercy Health (together, "Mercy") as a senior lean transformation specialist until his termination in June 2024.

2.     Mr. Osaze is a black man originally from Nigeria.

3.     Mercy, through its agents and employees, subjected Mr. Osaze to negative comments and treatment based on his race, color, national origin, or a combination thereof.

4.     Mr. Osaze's supervisor stated he needed to improve his accent.

5. Mr. Osaze's supervisor stated she believed he had begged for food in Africa, based on her biased beliefs about Africa.

6. Mr. Osaze's supervisor stated Africans do not do good work and that is why Africa is underdeveloped and poor.

7. Mercy, through its agents or employees, abruptly terminated Mr. Osaze's employment on June 25, 2024, purportedly because he asked a question during a meeting that had already been answered.

8. The real reason was because of Mr. Osaze's race, color, national origin, or a combination thereof and because he opposed discrimination from his supervisor based on the same.

9. As a direct and proximate result of Defendants' actions, Mr. Osaze suffered damages including lost wages, emotional distress, and reputational harm.

PARTIES

10. Mr. Osaze is a member of a protected class based on race, color, and national origin, being a black man originally from Nigeria. Mr. Osaze is a resident of Missouri.

11. Mercy Hospital Springfield is Missouri nonprofit corporation and an employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq ("Title VII").

12. Mercy Health is a Missouri nonprofit corporation and an employer under Title VII.

2

## JURISDICTION AND VENUE

13.     This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

14.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

15.     This Court has personal jurisdiction.

16.     Venue is proper in this division pursuant to 28 U.S.C. § 1391, as the acts complained of occurred within this judicial district.

## GENERAL ALLEGATIONS

17.     Mr. Osaze, a member of a protected class based on race, color, and national origin was employed by Mercy Hospital Springfield or Mercy Health in the position of senior lean transformation specialist until his unlawful termination in June 2024.

18.     Mr. Osaze performed all job duties satisfactorily and showed consistent improvement in job performance.

19.     Mr. Osaze was the only black employee and only employee originally from Nigeria in his work unit at Mercy.

20.     His supervisor (who did not originally hire Mr. Osaze) did not accept him as an equal employee in the work unit.

21.     His supervisor told him he needed to work on his accent.

22.     Mr. Osaze understood that comment to be a negative comment on his race, color, national origin or a combination thereof.

3

23. His supervisor was looking for a reason to terminate his employment because of his race, color, and national origin and because he opposed discrimination based on the same.

24. Mr. Osaze informed a co-worker about the supervisor's comment, and the co-worker told him his accent was good enough.

25. Mercy has a policy to congratulate workers with a gift and provide additional resources for workers after their one-year work anniversary.

26. Mr. Osaze's supervisor, however, never congratulated Mr. Osaze with a gift nor provided additional resources for him after his one-year work anniversary.

27. The supervisor refused to order the one-year gift and refused to provide other resources to which Mr. Osaze was entitled under Mercy's policies because of his race, color, national origin, or a combination thereof.

28. Mr. Osaze's supervisor also assumed Mr. Osaze had begged for food in "Africa," and told him so because of her racist and biased beliefs about Africa.

29. Mr. Osaze's supervisor told him Africans do not do good work, and that is why Africa is underdeveloped and poor.

30. After Mr. Osaze was absent from work due to an unrelated injury, his supervisor ignored him.

31. Following a meeting on June 25, 2024, his supervisor abruptly terminated his employment.

32.     The reason given for termination was that Mr. Osaze asked a question during a meeting that had already been answered.

33.     That reason was pretextual.

34.     Mercy has a culture of safety where it is inappropriate to discipline employees for asking question – already discussed or not.

35.     Further, many non-black Mercy employees and employees not originally from Nigeria were not disciplined at all, much less terminated, for asking questions during meetings.

36.     The reason Mr. Osaze's employment was terminated was because of his race, color, national origin, or a combination thereof and because he opposed discrimination from his supervisor based on the same.

37.     Mr. Osaze suffered economic damages attributable to the Defendants' actions, including without limitation lost wages, pay, and business opportunities.

38.     Mr. Osaze suffered non-economic damages attributable to Defendants' actions, including without limitation humiliation, anxiety, frustration, loss of dignity, emotional pain, inconvenience, mental anguish, and loss of enjoyment in life.

39.     Mr. Osaze filed charges of discrimination against Defendants, EEOC Charge Nos. 28E-2025-00003 and 28E-2025-00008 in August 2024, and the Equal Employment Opportunity Commission issued notices of right to sue on February 26, 2025.

COUNT I – TITLE VII RACE DISCRIMINATION

40. Mr. Osaze realleges and incorporates by reference all preceding paragraphs.

41. Defendants engaged in unlawful employment practices by discriminating against Mr. Osaze based on race, in violation of 42 U.S.C. § 2000e-2(a).

42. Defendants' conduct was willful, intentional, and done with reckless disregard for Mr. Osaze's federally protected rights.

43. As a result, Mr. Osaze suffered economic loss, emotional distress, and other damages.

### COUNT II – TITLE VII COLOR DISCRIMINATION

44. Mr. Osaze realleges and incorporates by reference all preceding paragraphs.

45. Defendants engaged in unlawful employment practices by discriminating against Mr. Osaze based on color, in violation of 42 U.S.C. § 2000e-2(a).

46. Defendants' conduct was willful, intentional, and done with reckless disregard for Mr. Osaze's federally protected rights.

47. As a result, Mr. Osaze suffered economic loss, emotional distress, and other damages.

### COUNT III – TITLE VII NATIONAL ORIGIN DISCRIMINATION

48. Mr. Osaze realleges and incorporates by reference all preceding paragraphs.

49.	Defendants engaged in unlawful employment practices by discriminating against Mr. Osaze based on his country of origin (Nigeria), in violation of 42 U.S.C. § 2000e-2(a).

50.	Defendants' conduct was willful, intentional, and done with reckless disregard for Mr. Osaze's federally protected rights.

51.	As a result, Mr. Osaze suffered economic loss, emotional distress, and other damages.

COUNT IV – TITLE VII RETALIATION

52.	Mr. Osaze realleges and incorporates by reference all preceding paragraphs.

53.	Mr. Osaze engaged in protected activity under Title VII, including without limitation opposing discriminatory conduct based on race, color, national origin, or a combination of the same.

54.	Mr. Osaze's supervisor was aware Mr. Osaze opposed her discriminatory conduct.

55.	Following Mr. Osaze's protected activity, Defendants subjected him to adverse employment actions, including termination.

56.	A causal connection exists between Mr. Osaze's protected activity and the adverse action taken by Defendants.

57.	Defendants' actions were retaliatory and intended to punish Mr. Osaze for engaging in a protected activity in violation of 42 U.S.C. § 2000e-3(a).

7

58. Defendants' conduct was willful, intentional, and done with reckless disregard for Mr. Osaze's federally protected rights.

59. As a direct and proximate result of Defendants' retaliation, Mr. Osaze suffered damages including lost wages, emotional distress, and reputational harm.

## COUNT V – VIOLATION OF 42 U.S.C. § 1981

60. Mr. Osaze realleges and incorporates by reference all preceding paragraphs.

61. Throughout Mr. Osaze's employment, Mercy subjected him to discriminatory treatment, including denying him gifts and resources given to non-black employees; subjecting him to negative comments directed toward his race, color, or national origin; retaliating against him for opposing discrimination; and terminating his employment because of his race, color, national origin or a combination thereof.

62. Defendants intentionally discrimination against Mr. Osaze, through the acts of its agents, on the basis of race, color, national origin, or a combination of the same, thereby depriving Mr. Osaze of equal rights in employment.

63. As a result, Mr. Osaze suffered economic and emotional damages.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Osaze prays for judgment against Defendants and prays the Court award Mr. Osaze damages in an amount that will fairly and justly compensate him; award punitive damages, costs, attorney's fees, and pre- and post-judgment

interest as allowed by law; issue such injunctive orders necessary to prevent conduct of the type complained of herein from occurring in the future; and order such other relief as the Court deems just and proper in the premises.

DEMAND FOR JURY TRIAL

Mr. Osaze hereby demands a trial by jury on all issues so triable.


Dated: March 31, 2025

Respectfully submitted,

MEYER MOODY LLC

*/s/ Brian D. Moody*

Brian D. Moody, MO Bar # 71083
1909 E Bennett St., Suite 113
Springfield, MO 65804
Telephone: (417) 496-4299
Email: brian@meyermoodyllc.com

AND

Anthony J. Meyer, MO Bar # 71238
103 Ripley Street
Columbia, MO 65201
Telephone: (573) 860-0342
Email: tony@meyermoodyllc.com
ATTORNEYS FOR PLAINTIFF

9